UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
LORITA M. BOWMAN, :
:
Plaintiff, :
:
-v- : 25 Civ. 3784 (JPC)
:
NEW YORK STATE HOMES AND COMMUNITY : ORDER
RENEWAL, *et al.*, :
:
Defendants. :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York State Workers with Disabilities Law, alleging that her employer discriminated against her based on her race, color, national origin, sex, disability, and age. Dkt. 1. By order dated May 14, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Although Federal Rule of Civil Procedure 4(m) generally requires that a summons be served within 90 days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is respectfully directed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further respectfully directed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Clerk of Court is respectfully directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: June 3, 2025
       New York, New York

_____
JOHN P. CRONAN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York State Homes & Community Renewal
   Gertz Plaza
   92-31 Union Hall Street
   Queens, New York 11433

2. Carole Broadwater, HR Specialist 2, Workers Compensation Liaison
   New York State Homes & Community Renewal
   Hampton Plaza
   38-40 State Street, Rm 313S
   Albany, New York 12207

3. Sev Moro, Vice President and Assistant Commissioner of HR Management
   New York State Homes & Community Renewal
   Hampton Plaza
   38-40 State Street, Rm 313S
   Albany, New York 12207

4. Arthur Kurtz, M.D., New York State Health Service Physician
   New York State Employee Health Service
   55 Hanson Place
   Brooklyn, New York 11217