UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORITA M. BOWMAN,

Plaintiff,

-v-

NEW YORK STATE HOMES AND COMMUNITY RENEWAL, *et al.*,

Defendants.

25 Civ. 3784 (JPC) (SLC)

OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

JOHN P. CRONAN, United States District Judge:

Plaintiff Lorita M. Bowman, proceeding *pro se*, commenced this action on May 6, 2025, by filing a Complaint against Defendants Carole Broadwater, Sev Moro, Arthur Kurtz (collectively, the "Individual Defendants"), and New York State Homes and Community Renewal ("HCR"). Dkt. 1 ("Complaint"). Bowman alleges that after she suffered a workplace injury, HCR terminated her employment and refused to reinstate her with a reasonable accommodation, in violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, as well as the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.*, and the New York Civil Service Law, N.Y. Civ. Serv. L. §§ 55-b and 55-c (collectively, the "Non-Federal Claims"). Additionally, Bowman checked boxes on her form complaint for race, color, sex, and national origin discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, race discrimination under 42 U.S.C. § 1981, and age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* (collectively, the "Non-Disability Discrimination Claims").

On September 5, 2025, Defendants moved to dismiss Bowman's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkts. 23-24. Bowman opposed Defendants' motion on October 2, 2025, Dkts. 27-29, and Defendants submitted a reply in support of their motion on October 17, 2025, Dkts. 31-32. On December 17, 2025, the Honorable Sarah L. Cave, to whom this case has been referred for general pretrial supervision and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that (1) Bowman's ADA claim be dismissed with prejudice insofar as she seeks monetary damages; (2) Bowman's ADA and Rehabilitation Act claims for injunctive relief against HCR be dismissed without prejudice and with leave to amend; (3) Bowman's ADA claim against the Individual Defendants be dismissed with prejudice; (4) Bowman's Non-Disability Discrimination Claims be dismissed with prejudice; and (5) the Court decline to exercise supplemental jurisdiction over the Non-Federal Claims. Dkt. 35 ("R&R") at 33. Bowman filed timely objections to the Report and Recommendation on December 30, 2025. Dkt. 39 ("Objections"). Defendants have not objected to the Report and Recommendation.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation, and must conduct *de novo* review of any part of the magistrate judge's disposition to which a party submits a proper objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "To be proper, an objection must be clearly aimed at particular findings, and may not be conclusory or general." *Riaz v. Comm'r of Soc. Sec.*, No. 20 Civ. 8418 (JPC) (SLC), 2022 WL 4482297, at *2 (S.D.N.Y. Sept. 27, 2022) (internal quotation marks and citations omitted). "Parties may neither regurgitate the original briefs to the magistrate judge nor raise new arguments not raised to the magistrate judge in the first instance." *Id.* (internal quotation marks omitted); *accord United States v. Gladden*, 394

F. Supp. 3d 465, 480 (S.D.N.Y. 2019). A district court reviews for clear error those parts of a Report and Recommendation to which no party has filed proper or timely objections. 28 U.S.C. § 636(b)(1)(A); *see Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) ("To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks omitted)). Additionally, because Bowman is proceeding *pro se*, the Court construes her filings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted).

Bowman raises five objections to the Report and Recommendation. First, Bowman argues that although her ADA claim for monetary damages against HCR is barred by the Eleventh Amendment, her "claims also rise under the Rehabilitation Act," and because Congress has conditioned the receipt of federal funds on a waiver of sovereign immunity for violations of the Rehabilitation Act, "the clear waiver of immunity under the Rehabilitation Act extends to Plaintiff's parallel claims for damages" under that Act. Objections at 5-6. This argument is unpersuasive. Judge Cave explained that Bowman's claims under the Rehabilitation Act independently fail because that cause of action "applies only to programs that receive federal funding, but Ms. Bowman has not alleged that HCR receives any federal funding." R&R at 24; *see Positano v. Zimmer*, 581 F. App'x 55, 56 (2d Cir. 2014) (summary order) (affirming dismissal of Rehabilitation Act claim where the plaintiff failed to allege that the defendants received federal funding). Similarly, the Rehabilitation Act "only abrogates the immunity of any program or activity *receiving* Federal financial assistance." *T.W. v. N.Y. State Bd. of L. Exam'rs*, 996 F.3d 87, 92 (2d Cir. 2021) (internal quotation marks omitted). Thus, because Bowman has not alleged that

HCR receives federal funding, sovereign immunity also bars her claims for damages under the Rehabilitation Act.

Second, Bowman argues that her claims for injunctive relief under the ADA and the Rehabilitation Act should not be dismissed as barred by sovereign immunity. Objections at 6-7. But the Report and Recommendation did not dismiss those claims on that basis. *See* R&R at 13 ("The Eleventh Amendment does not preclude Ms. Bowman from asserting an ADA Claim for injunctive relief."). Rather, with respect to the ADA, Judge Cave concluded that (1) Bowman did not allege "that she requested and Defendants denied a reasonable accommodation based on her hand injury" or that there was "a connection between her hand injury and the requested accommodation," *id.* at 14-15; and (2) Bowman did not allege "that her mobility impairment qualifies as a disability under the ADA," that her "request accommodation of working from another location is . . . reasonable," or that there was "a plausible connection between her mobility impairment and [any proffered] accommodation," *id.* at 16-20. Judge Cave further determined that Bowman's Rehabilitation Act claim fails for the same reasons, as that Act imposes identical requirements as the ADA, as well as because the Rehabilitation Act only applies to programs that receive federal funding, which was not alleged as to HCR, *see supra*. R&R at 23-24. The Court finds no clear error in these conclusions.

Third, Bowman argues that her ADA claim against the Individual Defendants should not be dismissed because those Defendants "directly implemented the discriminatory policies" and were "active participants" in the alleged violations. Objections at 7-8. This objection too fails. It "is well-established that there is no individual liability under the ADA or the Rehabilitation Act, whether the individual is sued in their official or individual capacity." *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022) (internal quotation marks omitted).

Bowman's final two objections concern the recommended dismissal of her Non-Federal claims. Objections at 8-13. However, because the Court dismisses all of Bowman's federal claims, it agrees with Judge Cave's recommendation to decline to exercise supplemental jurisdiction over the Non-Federal claims. *See* R&R at 30; *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 103 (2d Cir. 1998) ("The governing statute, 28 U.S.C. § 1367(c)(3), permits a district court, in its discretion, to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims.").

The Court thus overrules Bowman's objections to the Report and Recommendation. The Court departs from the Report and Recommendation in only one respect. The Court dismisses Bowman's claims against HCR for monetary damages under the ADA and the Rehabilitation Act without prejudice, since those claims are barred by sovereign immunity. *See Kelsey v. Kessel*, No. 24-1105, 2025 WL 1324213, at *3 (2d Cir. May 7, 2025) (summary order) ("The Eleventh Amendment is a jurisdictional bar and dismissals for lack of jurisdiction are by their nature without prejudice." (citation modified)). The Court otherwise finds no clear error in the portions of the Report and Recommendation to which Bowman did not object. Indeed, the Court has conducted *de novo* review of the entire Report and Recommendation and finds it to be well-reasoned and its conclusions well-founded.

The Court therefore adopts the Report and Recommendation as modified herein. Bowman's ADA and Rehabilitation Act claims against HCR for monetary damages are dismissed without prejudice for lack of subject matter jurisdiction and without leave to amend, her ADA and Rehabilitation Act claims for injunctive relief are dismissed without prejudice and with leave to amend, her ADA and Rehabilitation Act claims against the Individual Defendants are dismissed with prejudice and without leave to amend, her Non-Disability Discrimination Claims are

dismissed with prejudice and without leave to amend, and the Court declines to exercise supplemental jurisdiction over her Non-Federal Claims and they are dismissed as well. Bowman shall have thirty days to file an amended complaint as to her ADA and Rehabilitation Act claims for injunctive relief against HCR. Should Bowman timely file such an amended complaint, she also may plead again her Non-Federal Claims including with any modifications to those claims to address issues identified by Judge Cave in the Report and Recommendation. If Bowman fails to file an amended complaint within that time, or fails to obtain an extension, the Court will dismiss with prejudice her ADA and Rehabilitation Act claims for injunctive relief and will direct the Clerk of Court to enter judgment in favor of Defendants and close this case. The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to *pro se* Plaintiff Lorita M. Bowman.

SO ORDERED.

Dated: August 14, 2026
New York, New York

JOHN P. CRONAN
United States District Judge